**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 17-121-DLB**

**EDWARD DESHAWN SMITH**                                       **PETITIONER**

**vs.**               **MEMORANDUM OPINION AND ORDER**

**S. BUTLER, Warden,**                                               **RESPONDENT**

*** *** *** ***

Edward DeShawn Smith is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Smith has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1).

Smith has not paid the $5.00 filing fee required by 28 U.S.C. § 1914 or filed a motion to waive payment of it pursuant to 28 U.S.C. § 1915. Because the filing fee is incurred when the petition is filed, the Court will direct the Bureau of Prisons ("BOP") to deduct the five dollar filing fee from funds in Smith's inmate account to satisfy that financial obligation.

In May 2014, Smith pled guilty to possession with intent to distribute crack cocaine in Nashville, Tennessee. As part of the plea agreement, Smith expressly agreed to waive his right to appeal or to collaterally attack his conviction or sentence, whether by motion under 28 U.S.C. § 2255 or by habeas corpus petition under 28 U.S.C. § 2241, except upon grounds of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel, so long as the trial court imposed the sentence set

1

forth in the agreement. In September 2014, the trial court sentenced Smith to the agreed upon 151-month term of imprisonment. *United States v. Smith*, No. 3: 12-CR-186-JH (M.D. Tenn. 2012).

In his petition - which is nearly identical to a half dozen other habeas petitions recently filed by inmates at the same prison - Smith contends that his incarceration is illegal because the federal government lacked territorial jurisdiction over Nashville, the place where he committed his crimes. (Doc. # 1 at 2-3). Smith's petition must be denied for several reasons.

First, Smith waived the right to collaterally attack his conviction in his plea agreement. By filing this Section 2241 petition, Smith has violated the terms of his plea agreement, rendering him susceptible to re-prosecution. More directly germane to the petition at hand, the waiver requires the denial of his petition. *Muse v. Daniels*, 2016 WL 1163836, at *1 (7th Cir. Feb. 24, 2016) (holding that a collateral attack waiver "would apply equally in a proceeding under § 2241, had not § 2255(e) taken precedence, for § 2241 is a form of collateral attack"); *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013) ("Muller's plea agreement included a waiver of collateral-attack rights 'in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255.' Therefore, his plea agreement forecloses relief pursuant to § 2241 …"); *Mabry v. Shartel*, No. 122637, 2015 WL 7273817, at *1 (3d Cir. Nov. 18, 2015); *see also Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases).

Second, Smith's claim is a challenge to the trial court's jurisdiction to convict and sentence him, a claim which can, and therefore must, be pursued on direct appeal or in

2

a Section 2255 motion, rendering relief under Section 2241 unavailable. *Cf. Smith v. Snyder*, 48 F. App'x 109, 111 (6th Cir. 2002); *Burnside v. Lamanna*, 27 F. App'x 439 (6th Cir. 2001).

Third, even if the Court could reach the merits of Smith's claim, it is patently frivolous. Smith asserts that Tennessee did not cede, nor did the United States accept, jurisdiction over Nashville as required by 40 U.S.C. § 3112, and hence lacked jurisdiction over his offenses. (Doc. # 1 at 2) (citing *Adams v. United States*, 319 U.S. 312 (1943)). This argument has been repeatedly asserted by one of Smith's fellow inmates, and each time it has been flatly rejected as improperly founded upon *Adams*'s discussion of military jurisdiction to conduct courts martial over crimes committed on military bases. *See Moose v. Krueger*, No. 1:16-CV-1403-JBM, 2016 WL 7391513, at *3-4 (C.D. Ill. Dec. 21, 2016) (collecting cases). Accordingly,

**IT IS ORDERED** as follows:

(1)     The Clerk of the Court shall send a copy of this Order to the warden of the institution in which Smith is currently confined;

(2)     Smith's custodian shall send the Clerk of the Court payment of the $5.00 filing fee from funds in Smith's inmate trust fund account once the account balance exceeds $10.00;

(3)     Smith's Petition for a writ of habeas corpus (Doc. # 1) is **DENIED**;

(4)     This matter is **STRICKEN** from the Court's active docket; and

(5)     A judgment will be entered contemporaneously herewith.

This 24th day of May, 2017.



Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\ProSe\17-121 order denying 2241.wpd